UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
========================================
TIFFANY HACKNEY, Individually, and "A.B.",
an Infant, by his mother and natural guardian,
Tiffany Hackney,

                Plaintiffs,

v.

CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT,
POLICE OFFICER RONALD P. RECHAN, JR.,
and POLICE OFFICER MICHAEL J. ROTERT,

                Defendants.
========================================

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, the defendants, above-named, by their undersigned attorney, hereby remove to this Court the civil action filed in New York State Supreme Court, Erie County, bearing Index Number 822562/2025. In support of this notice, the defendants state:

1.    Plaintiffs filed a summons and complaint against the defendants in state court on December 18, 2025. The defendants were served with the pleading on or about December 22, 2025.

2.    An index identifying each document filed or served in the state court action is attached at page 3, below. Copies of these documents are also attached to this notice as exhibits.

1

3.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the plaintiffs' complaint asserts claims against the defendants arising under, inter alia, 42 U.S.C. §1983.

4.      Venue is proper pursuant to 28 U.S.C. §1441(a) as this Court is the federal district court for the district embracing the place where the state court action is pending.

5.      The defendants file this notice of removal so that the action now pending in state court is removed to this Court for all further proceedings.

Dated:      Buffalo, New York
            January 21, 2026

                                    Respectfully submitted,

                                    Rosa Alina Pizzi
                                    Corporation Counsel
                                    Attorney for Defendants

                        By:     s/David M. Lee
                                Assistant Corporation Counsel
                                City of Buffalo Law Department
                                65 Niagara Square, 1114 City Hall
                                Buffalo, New York 14202
                                (716) 851-9691
                                dlee@city-buffalo.com

2

# INDEX OF DOCUMENTS FILED OR SERVED IN STATE COURT PRIOR TO REMOVAL

Exh. A:  Notice of claim.

Exh. B:  New York General Municipal Law §50-h notice.

Exh. C:  Summons and complaint.

Exh. D:  Affirmations of service of summons and complaint.

Exh. E:  Answer.

4

## CERTIFICATE OF FILING AND SERVICE

Promptly after filing this notice of removal in this Court, I will file the same on the New York State Courts Electronic Filing System, which will give notice to plaintiffs and state court of the removal.

s/David M. Lee

4

# Exhibit A

In the Matter of the Claim of

TIFFANY HACKNEY, Individually and
As Parent and Natural Guardian of
"A.B.", an Infant,

Claimant,

- against -

CITY OF BUFFALO, and
BUFFALO POLICE DEPARTMENT
POLICE OFFICER JOHN DOE #1
POLICE OFFICER JOHN DOE #2

Respondents.

**NOTICE OF CLAIM**

CITY OF BUFFALO
DEPARTMENT OF LAW
DEC 20 2024
**RECEIVED**

TO:    CITY OF BUFFALO
       BUFFALO POLICE DEPARTMENT
       POLICE OFFICER JOHN DOE #1
       POLICE OFFICER JOHN DOE #2

PLEASE TAKE NOTICE, that TIFFANY HACKNEY, Individually and as Parent and

Natural Guardian of "A.B.", an Infant, has and hereby makes claim against CITY OF BUFFALO,

BUFFALO POLICE DEPARTMENT, POLICE OFFICER JOHN DOE #1, and POLICE OFFICER

JOHN DOE #2 and in support of said claim states the following:

1.    The Post Office address of the claimants is 696 Hopkins Street, Buffalo, New York

14220.

2.    The attorneys for the claimants are LIPSITZ GREEN SCIME CAMBRIA LLP, and

their Post Office address is 42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924.

3.      The claim of "A.B.", an Infant, is for personal injuries, including without limitation, medical expenses, other expenses, and unconstitutional deprivation of infant claimant's civil rights pursuant to Title 42 U.S.C. § 1983 set seq., and the claim of TIFFANY HACKNEY, is for loss of services, society, companionship, medical expenses, as a result of her child's incident, and for consequential, general, and equitable damages, punitive damages, and attorneys' fees and costs.

4.      The claim arose in the vicinity of 115 Kelburn Street located in the City of Buffalo, County of Erie, and State of New York.

5.      The claim arose in substance as follows:  On the 23rd day of September, 2024, between approximately 9:30-10:30 p.m., the infant claimant, "A.B." was subjected to unlawful seizure, unnecessary and excessive force and willfully, maliciously and intentionally assaulted by employees of the CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, POLICE OFFICER JOHN DOE #1, and POLICE OFFICER JOHN DOE #2 thereby resulting in serious injuries to the infant claimant, "A.B.", and was unconstitutionally deprived of his liberty, and otherwise tortuously and maliciously harmed by the actions of the defendants, all in violation of Title 42 of the U.S.C, Section 1983 et. seq.

6.      Upon information and belief, the incident herein described and the resultant injuries and damages sustained were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants and/or employees of CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, POLICE OFFICER JOHN DOE #1, and POLICE OFFICER JOHN DOE #2, acting individually and/or in concert, and more particularly, among other things, in using unnecessary and excessive force on the claimant and in the performance of their duties as police officers; in inflicting physical injuries upon the infant claimant; in negligently misidentifying the infant claimant, furthermore, the incident and resultant injuries and damages were caused by those acts and omissions of the agents, servants and/or employees of CITY OF BUFFALO, BUFFALO

-2-

POLICE DEPARTMENT, JOHN DOE #1, JOHN DOE #2, in failing and/or omitting to be cognizant or aware that their actions or inactions would foreseeably cause injury to infant claimant; in failing and/or omitting to use appropriate care and discretion; in failing and/or omitting to properly and adequately discipline, train, supervise, instruct its police officers and/or employees; in violating infant claimant's rights to freedom from unreasonable seizure; in allowing and permitting its officers to negligently assault the infant claimant in such a manner so as to cause injuries; in unlawfully and negligently endangering the welfare of the infant claimant; in violating infant claimant's state and federal constitutional and statutory rights; and in failing and/or omitting to establish, implement and enforce policies, rules, regulations and standards to ensure that the people of this state and this country will not be falsely arrested, assaulted, or injured by members of the Buffalo Police Department.

7.     Upon information and belief, as a result of the aforesaid incident, the infant claimant, "A.B.", sustained severe bodily injuries and was painfully and seriously injured; was rendered sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; and more particularly, infant claimant, "A.B.", sustained bodily injuries and post-traumatic stress disorder, and/or other injuries. Upon information and belief, these injuries will result in permanent defects.

8.     As a result of the aforesaid incident and injuries sustained by the infant claimant, "A.B.", the claimant, TIFFANY HACKNEY, mother of infant claimant, "A.B.", has suffered the loss of services, society, companionship and consortium of her son to which she was fully entitled.

WHEREFORE, Claimant requests that CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, POLICE OFFICER JOHN DOE #1, and POLICE OFFICER JOHN DOE #2 honor and pay the consequential and equitable claims on behalf of TIFFANY HACKNEY, Individually and as Parent and Natural Guardian of "A.B.", an infant, including an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

-3-

DATED:     Buffalo, New York
              December 19, 2024


TIFFANY HACKNEY


LIPSITZ GREEN SCIME CAMBRIA LLP

By: _____
     ROBERT M. CORP, ESQ.
Attorneys for Claimant
Office and P.O. Address
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333

-4-

STATE OF NEW YORK ) 
                      ) SS.:

COUNTY OF ERIE )

TIFFANY HACKNEY, as Parent and Natural Guardian of "A.B." an Infant, being duly sworn deposes and says that she is the Claimant above named; and makes this claim on behalf of herself and son; she has read the foregoing claim and knows the contents thereof; the same is true to the knowledge of the Claimant except for the matters herein alleged upon information and belief, and as to those matters, he believes them to be true.

                    TIFFANY HACKNEY, Individually and as
                    Parent and Natural Guardian of "A.B.", an
                    Infant

Sworn to before me on this

19th day of December, 2024.

Notary Public

ROBERT M. CORP
NO. 02CO6432876
Notary Public, State of New York
Qualified in Erie County
My Commission Expires May 24, 20__

# Exhibit B

**In the Matter of the Claim of**

---

**TIFFANY HACKNEY, Individually and as
Parent and Natural Guardian of "A.B.",
an Infant**

      **-against-**

**CITY OF BUFFALO and BUFFALO POLICE
DEPARTMENT, POLICE OFFICER JOHN
DOE #1, POLICE OFFICER JOHN DOE #2**

---

**Notice for Examination Under
Oath or Affirmation**

      **PLEASE TAKE NOTICE,** that pursuant to New York State General Municipal Law §50-h **TIFFANY HACKNEY and A.B.** are to appear at the Law Department of the City of Buffalo, located on the 11th floor of Buffalo City Hall, 65 Niagara Square, Buffalo, New York on **February 13, 2025 at 1:00 p.m.** to be examined under oath or affirmation, upon oral questions, by an Assistant Corporation Counsel for the City of Buffalo.

      **Please take further notice,** that upon request a transcript of the examination shall be furnished to the claimant or claimant's counsel.

Dated: Buffalo, New York
      January 17, 2025

                                 CAVETTE A. CHAMBERS, ESQ.
                                 Corporation Counsel

                                 Casey E. Callanan
                                 Assistant Corporation Counsel
                                 1100 City Hall
                                 65 Niagara Square
                                 Buffalo, New York 14202

TO:    Lipsitz Green Scime Cambria LLP
        Attn:  Robert M. Corp, Esq.
        42 Delaware Avenue, Suite 120
        Buffalo, New York 14202

**\*Upon receipt of this Notice please call
851-4343 to confirm your availability
for this examination.**

# Exhibit C

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 12/18/2025

STATE OF NEW YORK
SUPREME COURT  : COUNTY OF ERIE

---

TIFFANY HACKNEY, Individually and "A.B.",
an Infant, by his mother and natural guardian,
Tiffany Hackney,
696 Hopkins Street
Buffalo, New York 14220                          SUMMONS

                        Plaintiff

vs.                                              Index No.

CITY OF BUFFALO
1100 City Hall
65 Niagara Square
Buffalo, New York 14202

BUFFALO POLICE DEPARTMENT
68 Court Street
Buffalo, New York 14202

POLICE OFFICER RONALD P. RECHAN, JR.
68 Court Street
Buffalo, New York 14202

POLICE OFFICER MICHAEL J. ROTERT
68 Court Street
Buffalo, New York 14202

                        Defendants.

---

TO THE ABOVE-NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    Erie County is designated as the place of trial on the basis of residence of Plaintiff who resides in Lancaster, New York.

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM

NYSCEF DOC. NO. 1

INDEX NO. 822562/2025

RECEIVED NYSCEF: 12/18/2025

DATED:     Buffalo, New York
           December 18, 2025

LIPSITZ GREEN SCIME CAMBRIA LLP

By: *Robert M. Corp*
     ROBERT M. CORP ESQ.
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333

2

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM
NYSCEF DOC. NO. 2

INDEX NO. 822562/2025

RECEIVED NYSCEF: 12/18/2025

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

TIFFANY HACKNEY, Individually, and
"A.B.", an Infant, by his mother and natural guardian,
Tiffany Hackney,

                Plaintiffs,

vs.

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
POLICE OFFICER RONALD P. RECHAN, JR.,
POLICE OFFICER MICHAEL J. ROTERT,

                Defendants.

**COMPLAINT**

Index No.

---

Plaintiffs, TIFFANY HACKNEY, Individually, and "A.B.", an Infant, by his mother and

natural guardian, Tiffany Hackney, ("Plaintiffs") by their attorneys, LIPSITZ GREEN SCIME

CAMBRIA LLP, for their complaint against Defendants, allege:

## PARTIES

1.     Plaintiffs, at all times hereinafter mentioned, were and still are residents of the City

of Buffalo located within the County of Erie and the State of New York.

2.     Upon information and belief, Defendant, City of Buffalo (the "City"), is a municipal

corporation duly organized and existing under and pursuant to the laws of the State of New York.

3.     Upon information and belief, Defendant, Buffalo Police Department (the "BPD"),

is a department, agency, and/or subdivision of Defendant City of Buffalo responsible for police

services within the City.

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM

INDEX NO. 822562/2025

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 12/18/2025

4.      Upon information and belief, at all times herein mentioned, Defendant, Police Officer Ronald P. Rechan, Jr. was a Buffalo Police Department officer employed by the City and/or BPD and acting under color of law and within the scope of his employment and duties.

5.      Upon information and belief, at all times herein mentioned, Defendant, Police Officer Michael J. Rotert was a Buffalo Police Department officer employed by the City and/or BPD and acting under color of law and within the scope of his employment and duties.

6.      Upon information and belief, at all times hereinafter mentioned, Defendant, Police Officer Ronald P. Rechan, Jr., was employed by Defendants, City and/or BPD.

7.      Upon information and belief, at all times hereinafter mentioned, Defendant, Police Officer Michael J. Rotert, was employed by Defendants, City and/or BPD.

### CONDITION PRECEDENT

8.      On or about the 20th day of December, 2024, a Notice of Claim was served on behalf of Plaintiffs upon CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT AND JOHN DOE #1-2 in duplicate, within ninety (90) days of the date upon which the claim arose. At least thirty (30) days have elapsed since the service of the notice of claim, and Defendants have failed and neglected to adjust or pay the said claim. Plaintiffs have complied with all other conditions precedent to commencement of this action, including appearing for examinations pursuant to General Municipal Law § 50-h on March 6, 2025.

### FACTS

-2-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 12/18/2025

9.      On or about the 23rd day of September 2024, between 9:30- 10:30 p.m., the infant Plaintiff, "A.B." was a passenger in his mother's car (2013 black Chevrolet Equinox) which was parked in front of 115 Kelburn Street, Buffalo, New York. The vehicle was parked and not in operation, and the key was not in the vehicle. "A.B." observed a vehicle approach and stop behind the Equinox immediately before the police encounter began.

10.     Plaintiff, Tiffany Hackney, went into her friend's house briefly while the infant Plaintiff waited in the passenger side, playing on his phone. At that time, "A.B." was seated in the passenger seat with his seat reclined and was not engaged in any criminal or suspicious activity.

11.     Infant Plaintiff saw a flashlight shining into the car and he looked to the driver side of the vehicle and there was an officer with a gun drawn and pointed at him, while shining a flashlight into the vehicle. Defendants approached "A.B.", a 15-year-old seated alone in a parked vehicle, by aiming a gun directly at him. The officer on the driver side ordered "A.B." not to move and to put his hands up. At the same time, another officer was at the passenger side window (which was down) and demanded that the infant Plaintiff immediately exit the vehicle. That officer also directed "A.B." to put his hands up, while shining a flashlight at him.

12.     As the infant Plaintiff was unbuckling himself, the officer opened the unlocked door and pulled A.B. out of the car by grabbing him on the right shoulder and upper arm area, causing pain and soreness. After holding "A.B." at gunpoint, Defendants, Police Officer Ronald P. Rechan, Jr. and/or Police Officer Michael J. Rotert threw and forcefully pressed the infant Plaintiff against the vehicle and demanded that he put his hands up.  The infant Plaintiff, "A.B." screamed at the officers begging them not to shoot him and plead for his mother. "A.B." feared for his life, in part because Defendants had pointed a gun at him.  Infant Plaintiff called out to his mother for help. A.B. repeatedly stated that he was only 15 years old and that his mother was inside

-3-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025

NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 12/18/2025

the nearby house, and requested that Defendants go get her, but Defendants initially failed and refused to do so. Defendants continued to detain "A.B.", including by physically containing him and conducting a pat-down frisk search of his body, without any articulable basis to suspect that he was armed and dangerous, while accusing him of wrongdoing.

13.     At this time, Plaintiff, Tiffany Hackney, heard her son screaming and observed him being detained and physically restrained by police officers, and exited her friend's home to speak with officers and check on her son.

14.     After inquiring what was going on, Defendants informed the Plaintiffs that a burglary or robbery had happened in a different part of the City of Buffalo and that the vehicle "A.B." was occupying matched a car associated with the robbery. Defendants, Police Officer Ronald P. Rechan, Jr. and Police Officer Michael J. Rotert mentioned that the report contained a description of the individuals involved in that robbery as being three or four Caucasian men while the infant Plaintiff, "A.B." is African American. Defendants' own description of the reported suspects did not match A.B., yet Defendants nonetheless continued their detention and search activity, including questioning "A.B." about alleged wrongdoing and searching the vehicle. Even after it was apparent that "A.B." did not match the suspect description, Defendants failed to promptly end the encounter and instead escalated it by seizing him, frisking him, and searching the vehicle. Defendants racially profiled the infant Plaintiff, "A.B.", unlawfully contained and caused emotional distress. Defendants searched A.B. and searched the vehicle without requesting or obtaining permission from Tiffany Hackney, the owner of the vehicle, and instead purported to seek and/or obtain "consent" from "A.B.", a minor passenger, while he was seized, frightened, and under coercive circumstances. When Tiffany Hackney requested Defendants' precinct and

-4-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025

NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 12/18/2025

identifying information, Defendants failed to provide any such information, depriving Plaintiffs of basic identification information at the scene.

15.     While unlawfully detained and seized by police, infant Plaintiff sustained injuries, including right shoulder and arm pain, and emotional distress, anxiety, fear of police, and recurrent intrusive thoughts, flashbacks and nightmares regarding having a firearm pointed at him at close range. The primary and most severe component of "A.B.'"s emotional distress and trauma arose from Defendants' unreasonable decision to draw and aim a gun at a compliant 15-year-old. Infant Plaintiff experienced difficulty concentrating at school immediately following the incident and has sought and continues to seek mental-health evaluation and counseling as a result of the incident.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED PLAINTIFFS, ALLEGE:

42 U.S.C. § 1983 AND THE FOURTH AMENDMENT

(Excessive Use of Force in Violation of the Fourth Amendment)

16.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

17.     On September 23, 2024, Defendants Police Officer Ronald P. Rechan, Jr. and Police Officer Michael J. Rotert ("Defendants") violated infant Plaintiff's right to be free from excessive force under the Fourth Amendment of the United States Constitution during their seizure, detention, and search of the parked motor vehicle and seizure of "A.B.", including by pointing a firearm at him, forcibly removing him from the vehicle, physically restraining him, placing him against the vehicle, frisking and pat-down searching his body, and handcuffing him and otherwise physically restraining him against the vehicle in which he was a passenger. Defendants' decision

-5-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM
INDEX NO. 822562/2025
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 12/18/2025

to aim a gun at a compliant 15-year-old, seated in a parked vehicle and not posing an immediate threat, was objectively unreasonable and constituted excessive force.

18.    The amount of force used was unnecessary and excessive, especially considering infant Plaintiff was a passenger in a parked vehicle playing on his phone and was not operating the vehicle, was compliant, unarmed, and posed no immediate threat. In particular, Defendants' use of gun-pointing, which constitutes deadly force, as a compliance tool against a minor was disproportionate, escalatory, and unreasonable under the circumstances.

19.    By their unlawful actions as described herein, Defendants, under color of law, subjected infant Plaintiff to the deprivation of rights, privileges, or immunities guaranteed and secured by the United States Constitution, namely, infant plaintiff's rights to freedom from unreasonable seizure by the use of unlawful, unnecessary and excessive use of force against infant Plaintiff.

20.    Defendants violated rights held by infant Plaintiff which are clearly established, and no reasonable official similarly situated as Defendants could have believed that such conduct was lawful or within the bounds of reasonable discretion. Therefore, Defendants lack qualified or statutory immunity from suit or liability.

21.    Defendants' use of force was sufficiently unreasonable and conscience shocking, including Defendants' decision to draw and point a gun at "A.B." absent any objective threat.

22.    The actions of Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon infant Plaintiff. As a result of this intentional conduct, Plaintiffs, are entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

-6-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM
NYSCEF DOC. NO. 2

INDEX NO. 822562/2025
RECEIVED NYSCEF: 12/18/2025

23.    Plaintiffs were required to hire attorneys to represent them in this matter and are thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED PLAINTIFFS, ALLEGE:

MUNICIPAL LIABILITY/FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE

24.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

25.    On or about September 23, 2024, Defendants City and BPD were responsible for the training, supervision, and actions of the Defendant officers Police Officer Ronald P. Rechan, Jr. and Police Officer Michael J. Rotert.

26.    Defendants, City and BPD, in their positions of control, supervision, authority, and responsibility over Defendants, encouraged Defendants Police Officer Ronald P. Rechan, Jr.'s and Defendant Police Officer Michael J. Rotert's misconduct and directly participated in the misconduct. The municipality, in effect, continued the wanton practice of Defendants' disregard of infant Plaintiff's constitutional, statutory, and state rights.

27.    Defendants, Police Officer Ronald P. Rechan, Jr. and Police Officer Michael J. Rotert, violated infant Plaintiff's constitutional, state, and statutory rights pursuant to the implementation or execution of governmental policy or custom.

28.    Defendants City and BPD failed to properly train and/or supervise; failed to properly discipline Defendants and employees; failed to have proper rules, regulations, and/or protocols in place regarding the use of excessive force, canvassing for vehicles used in the commission of a crime and racial profiling. This includes, but is not limited to, failing to train

-7-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 12/18/2025

officers regarding the constitutional limits on drawing and pointing guns at civilians and minors during investigatory encounters and failing to train officers regarding the limits on frisk and pat-down searches (Terry frisks) absent reasonable suspicion that a person is armed and dangerous. Instead, Defendants acted pursuant to a policy of negligent handling of a person who was a passenger in a parked motor vehicle that resembled a vehicle used in the commission of a crime. Defendants failed to enforce those rules that did exist, and instead, acquiesced to the policy of illegal excessive force.

29.    Defendants' failure to monitor, discipline, and train officers constituted negligence under the common law of the State of New York, and a municipal policy of deliberate indifference to infant Plaintiff's rights. Defendants' municipal negligence and policy caused the aforementioned constitutional, statutory, and state violations, as well as injuries and damages sustained by infant Plaintiff.

30.    Due to the Defendants' (including the City and/or BPD) implementation and execution of the policy authorizing Defendants Police Officer Ronald P. Rechan, Jr. and Police Officer Michael J. Rotert to violate infant Plaintiff's rights, infant Plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick and sore; and suffered loss of enjoyment and quality of life.

31.    The City and/or BPD failed to adequately train, supervise or control its officers, more particularly, Defendants Police Officer Ronald P. Rechan, Jr. and Police Officer Michael J. Rotert, in proper law enforcement techniques, including the proper use of force in canvassing neighborhoods for vehicles used in the commission of a crime and the constitutional limits on detaining, handcuffing, and pointing firearms at minors (and others) during investigatory

-8-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM

NYSCEF DOC. NO. 2

INDEX NO. 822562/2025

RECEIVED NYSCEF: 12/18/2025

encounters, including the limits on pointing guns at unarmed, compliant minors and conducting frisk and pat-down searches absent reasonable suspicion that the person is armed and dangerous.

32. Upon information and belief, the City and/or BPD failed to take action to correct its officers' propensity to violate rules and regulations of the City and/or BPD.

33. Upon information and belief, the City and/or BPD, failed to institute customs or practices that could have protected infant Plaintiff, or those similarly situated from use by its police officers of excessive force in canvassing neighborhoods for vehicles used in the commission of a crime.

34. As a result of the foregoing, Plaintiffs seek an award of general, special, and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS ABOVE-NAMED, THE PLAINTIFFS ALLEGE:

UNLAWFUL SEIZURE, FALSE IMPRISONMENT, AND UNLAWFUL SEARCH

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

36. The Defendant police officers deployed excessive and unnecessary force including holding "A.B." at gunpoint.

37. This detention was made in the absence of a warrant for an arrest.

38. This detention was made in the absence of probable cause for an arrest and/or in the absence of reasonable suspicion sufficient to justify the scope and duration of the seizure.

-9-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM

NYSCEF DOC. NO. 2

INDEX NO. 822562/2025

RECEIVED NYSCEF: 12/18/2025

39.     The Defendant officers detained and searched infant Plaintiff without having exigent circumstances for doing so including performing a pat-down frisk search of "A.B."'s person without reasonable suspicion that he was armed and dangerous.

40.     There was no other authority for the detention or search of infant Plaintiff or the vehicle, including no lawful basis for a Terry frisk/pat-down of "A.B."

41.     The infant Plaintiff was conscious of this detention and search.

42.     The infant Plaintiff did not consent to this detention or search. To the extent Defendants contend that "A.B." consented to any search, any purported consent was not knowing, voluntary, or intelligent, was obtained while "A.B." was seized, frightened, and under coercive circumstances, and was not valid consent to search a vehicle owned and operated by Tiffany Hackney and did not constitute consent to a frisk and pat-down search of his person.

43.     The Defendant officers detained and searched infant Plaintiff based upon racial profiling.

44.     As a result, Plaintiffs were damaged, harmed and injured, and seek compensation in an amount to be determined at trial.


**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE-NAMED,**
**THE PLAINTIFFS ALLEGE:**

MONELL CLAIM-MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. SECTION 1983


45.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

-10-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 12/18/2025

46.    A municipality, such as the City and BPD, may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

47.    Defendants, City and BPD, established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of infant Plaintiff, and the damages and injuries described herein. They did so with deliberate indifference to the rights of the detainee and had actual and/or constructive knowledge of the pervasive and widespread practice of police use of excessive force and racial profiling for many years yet failed to do anything to end the practice. These written and unwritten policies, customs, patterns, and practices included:

a.    Permitting police officers employing excessive force in effectuating arrests and during non-arrest interactions with individuals in the City and thereafter charging the victim with "cover charges" such as "resisting arrest" and "obstruction" in order to hide the excessive use of force by officers;

b.    Failing to train its officers regarding the constitutional rights of citizens to be free from excessive force;

c.    Permitting police employing excessive force in the course of effectuating arrests and during non-arrest interactions with individuals in the City to use excessive force in the absence of any objective circumstances presented to them that could support the application of such force;

d.    Failing to discipline officers that have repeatedly used force without justification;

e.    Failing to train officers to de-escalate encounters with the public and/or to intervene during an arrest;

-11-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM        INDEX NO. 822562/2025
NYSCEF DOC. NO. 2                                     RECEIVED NYSCEF: 12/18/2025

f.   Failing to investigate and reviewing use-of-force incidents;

g.   Failing to properly supervise and monitor police responsible for effectuating arrests, and/or monitoring arrestees;

h.   Failing to properly screen, during the hiring process, and supervise thereafter, police to eliminate excessive force.

i.   Inadequately training officers to effectuate arrests without unnecessary force and/or intervene when excessive force is being deployed;

j.   Failing to have in place, or failing to follow, a policy or procedure to prevent officers from filing "cover charges" in order to cover up excessive force during an arrest;

k.   Wrongfully detaining passengers in a parked motor vehicle based upon racial profiling;

l.   Retaining the officer(s), when they knew or should have known of their propensity to abuse their position of authority as a City of Buffalo officer; and

m.   Permitting and/or failing to discipline officers for drawing and aiming guns at unarmed, compliant civilians and minors during investigatory encounters absent an objective threat, and for conducting frisk and pat-down searches absent reasonable suspicion that a person is armed and dangerous.

48.    At all relevant times, Defendants acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of infant Plaintiff. The actions of the Defendants were malicious, willful, wanton and reckless.

49.    The failure by Defendants to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

-12-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM INDEX NO. 822562/2025

NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 12/18/2025

50. Such acts as alleged herein were the proximate cause of injury and damage to the infant Plaintiff.

51. Upon information and belief, when Defendants improperly detained/searched infant Plaintiff, intentionally pulling a gun on him, forcefully removed him from the vehicle, placed him against the vehicle, handcuffed him and otherwise physically restrained him, they were acting pursuant to the custom, practice, and/or policy of the Defendants City and BPD, which condones, BPD's use of force without justification.

52. Upon information and belief, Defendants' (including City and BPD) custom, practice, and/or policy on condoning police misconduct by its officers, directly and proximately resulted in the Plaintiff being assaulted, subjected to excessive force, and then stating that they were looking for three or four Caucasian individuals in a similar vehicle in an attempt to justify Defendants' unlawful actions.

53. Upon information and belief, to date Defendants City and BPD have not implemented any particular training, oversight measures or policies designed or intended to curtail the improper use by BPD officers of "cover charge" charges such as disorderly conduct, resisting arrest, and obstruction of governmental administration.

54. Upon information and belief, BPD supervisors and officials have approved and continue to approve the practice of BPD charging individuals with crimes and violations such as disorderly conduct, resisting arrest, and obstruction of governmental administration as pretexts to justify punitive false arrests undertaken and racial profiling in the absence of probable cause.

55. Despite due and repeated notice, to date Defendants City and BPD have not implemented any particular oversight measures or policies designed or intended to curtail the improper approval by high-ranking BPD officials.

-13-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM

NYSCEF DOC. NO. 2

INDEX NO. 822562/2025

RECEIVED NYSCEF: 12/18/2025

56.     As a result of the above constitutionally impermissible conduct, infant Plaintiff suffered violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and physical injury.

57.     Accordingly, Plaintiffs demand judgment against Defendants compensatory and equitable, including costs and fees, to be determined at trial.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, PLAINTIFFS ALLEGE:

### 42 U.S.C. § 1983- SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

59.     By failing to remedy the wrongs committed by their subordinates, in failing to properly train, screen, supervise, or discipline their subordinates, and by personally participating in the constitutional injuries as set forth elsewhere herein, Defendants CITY and BPD, violated infant Plaintiff's rights under the United States Constitution, through 42 U.S.C. §1983.

60.     As a result of the foregoing, infant Plaintiff was deprived of their liberty and other constitutional rights, suffered bodily injury, pain and suffering, psychological and emotional injury, costs, and expenses, and were otherwise damaged and injured.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS ABOVE-NAMED, PLAINTIFFS ALLEGE:

### NEGLIGENCE

-14-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM
NYSCEF DOC. NO. 2

INDEX NO. 822562/2025
RECEIVED NYSCEF: 12/18/2025

61.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

62.    Upon information and belief, the alleged incident hereinbefore described, and the resultant injuries were caused as the result of the negligence, carelessness, recklessness, and unlawful conduct on the part of the Defendants, upon the breach of Defendants' duty to follow policies and procedures and Defendants negligently failing to apply training and failing to supervise its officers, employees, and agents including failing to properly train, supervise, and discipline officers regarding drawing and/or pointing guns and conducting frisk and pat-down searches.

63.    As a result of the foregoing, Plaintiffs sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

64.    Plaintiffs were required to hire attorneys to represent them in this matter and are thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFFS ALLEGE:**

ASSAULT UNDER NEW YORK STATE LAW

65.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66.    The Individual Defendants forcefully removed infant Plaintiff and pushed him up against the vehicle in which he was a passenger and pointed a firearm at him, causing fear for his life and resulting in injuries and emotional distress.

-15-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM
INDEX NO. 822562/2025
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 12/18/2025

67.    The Individual Defendants intended to either to inflict personal injury or to arouse apprehension of harmful or offensive bodily contact.

68.    As a direct and proximate cause of the actions described herein, Plaintiffs sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty, all to an amount to be ascertained according to proof at trial.

69.    The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

70.    The actions of Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted against infant Plaintiff. As a result of this intentional unlawful conduct, Plaintiffs are entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

71.    Defendants' use of force was unreasonable and shocked the conscience.

72.    Plaintiffs were required to hire attorneys to represent them in this matter and are thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFFS ALLEGE:

BATTERY UNDER NEW YORK STATE LAW

73.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

-16-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 12/18/2025

74.    The Individual Defendants forcefully removed infant Plaintiff and pushed him up against the vehicle in which he was a passenger, including grabbing him on the right shoulder and upper arm area and physically placing him against the vehicle, resulting in injuries and emotional distress and following Defendants' display of deadly force by aiming a gun at him.

75.    The Individual Defendants intentionally made bodily contact with infant Plaintiff, the intended contact was itself offensive and was without the consent of infant Plaintiff.

76.    As a direct and proximate cause of the actions described herein, Plaintiffs sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty, all to an amount to be ascertained according to proof at trial.

77.    The actions of Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted against infant Plaintiff. As a result of this intentional conduct, Plaintiffs are entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

78.    Defendants' use of force was unreasonable and shocked the conscience.

79.    The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

80.    Plaintiffs were required to hire attorneys to represent them in this matter and are thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

-17-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025
NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 12/18/2025

## NINTH CAUSE OF ACTION AGAINST DEFENDANTS ABOVE-NAMED, PLAINTIFFS ALLEGE:

### DERIVATIVE CLAIM - LOSS OF SERVICES AND EXPENSES

81.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

82.    At all times hereinafter mentioned, Plaintiff, Tiffany Hackney, Individually and as Parent and Natural Guardian of "A.B.", an infant, was the mother of the infant Plaintiff, "A.B.", and was entitled to his services, society, consortium and companionship.

83.    Upon information and belief, as a result of the aforesaid incident, Plaintiff, Tiffany Hackney, Individually and as Parent and Natural Guardian of "A.B.", an infant, was deprived of the services, society, consortium and companionship of her child.

84.    Upon information and belief, as a result of the aforesaid incident, Plaintiff, Tiffany Hackney, Individually and as Parent and Natural Guardian of "A.B.", an infant, may incur medical, counseling, and/or mental-health related expenses and costs for the treatment of her child.

85.    Upon information and belief, as a result of the foregoing, Plaintiff, Tiffany Hackney, Individually and as Parent and Natural Guardian of "A.B.", an infant, has sustained damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs ask this Court to GRANT the following relief:

Compensatory, special, and equitable damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; Award attorneys' fees and costs pursuant to 42 U.S.C. §§1983 and 1988; punitive damages; and for such other, further, or different

-18-

FILED: ERIE COUNTY CLERK 12/18/2025 02:59 PM    INDEX NO. 822562/2025

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 12/18/2025

relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:     Buffalo, New York
            December 18, 2025

                                 LIPSITZ GREEN SCIME CAMBRIA LLP

                                 By: *Robert M. Corp*
                                 ROBERT M. CORP, ESQ.
                                 Attorneys for Plaintiffs
                                 42 Delaware Avenue, Suite 120
                                 Buffalo, New York 14202-3924
                                 (716) 849-1333

-19-

# Exhibit D

FILED: ERIE COUNTY CLERK 01/05/2026 04:37 PM          INDEX NO. 822562/2025

NYSCEF DOC. NO. 3                                      RECEIVED NYSCEF: 01/05/2026

## AFFIDAVIT/AFFIRMATION OF SERVICE

**State of New York**
**Court: SUPREME**                **County of ERIE**              **Index No.822562/2025**

**TIFFANY HACKNEY**                                    Plaintiff(s)/Petitioner(s)
**et al**
              **vs**
**CITY OF BUFFALO**
  et al                                          Defendant(s)Respondent(s)

The undersigned being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York. I affirm the following to be true under the penalties of perjury pursuant to N.Y. C.P.L.R 2106:

That on **DECEMBER 22ND,2025**, at **10:59AM:**,at **68 COURT STREET BFLO NY**

deponent served the within **SUMMONS/COMPLAINT AND E-FILE NOTICE**
on which were set forth the Index No. herein, and the date of filing.

## ON  BUFFALO POLICE DEPARTMENT

☐**Individual**      By delivering a true copy thereof to said recipient personally: deponent knew the person so served to be the individual described therein.

☐**Responsible**
**Person**        By delivering to and leaving with _____, a true copy thereof, a person of suitable age and discretion. Said premised being the defendant/respondent's _____ dwelling place_____ place of business_____ last known address within State.

☐**Mail**         A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal & Confidential", in a depository maintained by the U.S.P.S and mailed to the above address on _____ 2025.

☑**Corporation**  by delivering to and leaving with **JACQUELINE BETTS**, said individual to be **AUTHORIZED INDIVIDUAL**.

☐**LLC/LLP**      who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐**Affixing**
**To Door**       By affixing a true copy thereof to the door, being the defendant/respondent's_____dwelling place _____place of business _____last known address within the State.

☐**Previous**     Deponent previously attempted to serve the above named defendant/respondent on:

**Attempts**      at _____on _____, _____M.

                  at _____on _____, _____M.

                  at _____on _____, _____M.

                  at _____on _____, _____M.

**Description**   **48**years of age   **165**lbs.   **5**ft  **8**in.   _____ male   **X** female   **BLACK** hair   **BLACK**skin.

                  _____other.

☑**Military**
**Service**       To the best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

                  I affirm this _23rd_ day of _Dec._ ,2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

                                    Notary Not Required Pursuant to N.Y. CPLR 2106
                                    **John R. MacCarrick**

1 of 1

FILED: ERIE COUNTY CLERK 01/05/2026 04:37 PM
INDEX NO. 822562/2025

NYSCEF DOC. NO. 4
RECEIVED NYSCEF: 01/05/2026

# AFFIDAVIT/AFFIRMATION OF SERVICE

**State of New York**
**Court: SUPREME**                **County of ERIE**                **Index No.822562/2025**

|  |  |
|---|---|
| **TIFFANY HACKNEY**<br>**et al**<br>vs<br>**CITY OF BUFFALO**<br>et al | Plaintiff(s)/Petitioner(s)<br><br><br><br>Defendant(s)Respondent(s) |

The undersigned being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York. I affirm the following to be true under the penalties of perjury pursuant to N.Y. C.P.L.R 2106:

That on **DECEMBER 22ND,2025**, at **11:06AM:**,at **68 COURT STREET BFLO NY**

deponent served the within **SUMMONS/COMPLAINT AND E-FILE NOTICE**
on which were set forth the Index No. herein, and the date of filing.

## ON  CITY OF BUFFALO

☐ **Individual**    By delivering a true copy thereof to said recipient personally: deponent knew the person so served to be the individual described therein.

☐ **Responsible Person**    By delivering to and leaving with _____, a true copy thereof, a person of suitable age and discretion. Said premised being the defendant/respondent's _____ dwelling place_____ place of business_____ last known address within State.

☐ **Mail**    A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal & Confidential", in a depository maintained by the U.S.P.S and mailed to the above address on _____ **2025**.

☑ **Corporation**    by delivering to and leaving with **JANET POYDOCK**, said individual to be **AUTHORIZED INDIVIDUAL**.

☐ **LLC/LLP**    who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐ **Affixing To Door**    By affixing a true copy thereof to the door, being the defendant/respondent's_____dwelling place _____place of business _____last known address within the State.

☐ **Previous Attempts**    Deponent previously attempted to serve the above named defendant/respondent on:

at _____on _____, _____M.

at _____on _____, _____M.

at _____on _____, _____M.

at _____on _____, _____M.

**Description**    <u>44</u>years of age    <u>180</u>lbs.    <u>5</u>ft    <u>10</u>in.    _____ male    **X** female    **BROWN** hair    **WHITE**skin.

_____other.

☑ **Military Service**    To the best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

I affirm this _____ day of _____ ,2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Notary Not Required Pursuant to N.Y. CPLR 2106
**John R. MacCarrick**

FILED: ERIE COUNTY CLERK 01/05/2026 04:37 PM
NYSCEF DOC. NO. 5

INDEX NO. 822562/2025

RECEIVED NYSCEF: 01/05/2026

## AFFIDAVIT/AFFIRMATION OF SERVICE

**State of New York**
**Court: SUPREME**                 **County of ERIE**                 **Index No.822562/2025**

TIFFANY HACKNEY
**et al**                                                          Plaintiff(s)/Petitioner(s)

                          vs
**CITY OF BUFFALO**
et al                                                            Defendant(s)Respondent(s)

The undersigned being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York. I affirm the following to be true under the penalties of perjury pursuant to N.Y. C.P.L.R 2106:

That on **DECEMBER 22ND,2025**, at **10:59AM:**,at **68 COURT STREET BFLO NY**

deponent served the within **SUMMONS/COMPLAINT AND E-FILE NOTICE**
on which were set forth the Index No. herein, and the date of filing.

## ON  POLICE OFFICER MICHAEL J. ROTERT/BUFFALO POLICE DEPARTMENT

☐ **Individual** — By delivering a true copy thereof to said recipient personally: deponent knew the person so served to be the individual described therein.

☑ **Responsible Person** — By delivering to and leaving with **JACQUELINE BETTS/AUTH. IND**, a true copy thereof, a person of suitable age and discretion. Said premised being the defendant/respondent's _____ dwelling place _☒_ place of business_____ last known address within State.

☑ **Mail** — A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal & Confidential", in a depository maintained by the U.S.P.S and mailed to the above address on **DECEMBER 23ᴿᴰ, 2025**.

☐ **Corporation** — by delivering to and leaving with _____, said individual to be _____.

☐ **LLC/LLP** — who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐ **Affixing To Door** — By affixing a true copy thereof to the door, being the defendant/respondent's_____dwelling place _____place of business _____last known address within the State.

☐ **Previous** — Deponent previously attempted to serve the above named defendant/respondent on;

**Attempts**
at _____ on _____, _____ M.
at _____ on _____, _____ M.
at _____ on _____, _____ M.
at _____ on _____, _____ M.

**Description**    48 years of age    165 lbs.    5 ft 8 in.    _____ male    X female    **BLACK** hair    **BLACK** skin.
                            _____ other.

☑ **Military Service** — To the best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

I affirm this _____ day of_____,2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Notary Not Required Pursuant to N.Y. CPLR 2106
**John R. MacCarrick**

1 of 1

FILED: ERIE COUNTY CLERK 01/05/2026 04:37 PM

NYSCEF DOC. NO. 6

INDEX NO. 822562/2025

RECEIVED NYSCEF: 01/05/2026

## AFFIDAVIT/AFFIRMATION OF SERVICE

**State of New York**
**Court: SUPREME**              **County of ERIE**              **Index No.822562/2025**

---

**TIFFANY HACKNEY**
**et al**                                                   Plaintiff(s)/Petitioner(s)
                    vs
**CITY OF BUFFALO**
et al                                                   Defendant(s)Respondent(s)

The undersigned being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York. I affirm the following to be true under the penalties of perjury pursuant to N.Y. C.P.L.R 2106:

That on **DECEMBER 22ND,2025**, at **10:59AM:**,at **68 COURT STREET BFLO NY**

deponent served the within **SUMMONS/COMPLAINT AND E-FILE NOTICE**
on which were set forth the Index No. herein, and the date of filing.

## ON  POLICE OFFICER RONALD P. RECHAN JR/BUFFALO POLICE DEPARTMENT

☐**Individual**       By delivering a true copy thereof to said recipient personally: deponent knew the person so served to be the individual described therein.

☑**Responsible**
  **Person**       By delivering to and leaving with **JACQUELINE BETTS/AUTH. IND**, a true copy thereof, a person of suitable age and discretion. Said premised being the defendant/respondent's _____ dwelling place _☒_ place of business_____ last known address within State.

☑**Mail**       A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal & Confidential", in a depository maintained by the U.S.P.S and mailed to the above address on **DECEMBER 23RD, 2025**.

☐**Corporation**       by delivering to and leaving with _____, said individual to be _____.

☐**LLC/LLP**       who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐**Affixing**
  **To Door**       By affixing a true copy thereof to the door, being the defendant/respondent's_____dwelling place _____place of business _____last known address within the State.

☐**Previous**       Deponent previously attempted to serve the above named defendant/respondent on:

  **Attempts**       at _____on _____, _____M.

                at _____on _____, _____M.

                at _____on _____, _____M.

                at _____on _____, _____M.

**Description**       **48**years of age   **165**lbs.   **5**ft   **8**in.   _____ male   **X** female   **BLACK** hair   **BLACK**skin.

                _____other.

☑**Military**
  **Service**       To the best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

I affirm this ___*22rd*___ day of ___*Dec.*___ ,2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Notary Not Required Pursuant to N.Y. CPLR 2106
**John R. MacCarrick**

1 of 1

# Exhibit E

FILED: ERIE COUNTY CLERK 01/14/2026 08:05 PM

NYSCEF DOC. NO. 7

INDEX NO. 822562/2025

RECEIVED NYSCEF: 01/14/2026

STATE OF NEW YORK
SUPREME COURT :   COUNTY OF ERIE

TIFFANY HACKNEY, Individually and "A.B.",
an Infant, by his mother and natural guardian,
Tiffany Hackney,

                              Plaintiff,

vs.

CITY OF BUFFALO
BUFFALO POLICE DEPARTMENT
POLICE OFFICER RONALD P. RECHAN, JR.
POLICE OFFICER MICHAEL J. ROTERT

                              Defendants.

ANSWER

Index No.: 822562/2025

Defendants, CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, POLICE OFFICER RONALD P. RECHAN, JR. POLICE OFFICER MICHALE J. ROTERT, (hereinafter collectively referred to as "Defendants") allege the following for their Answer to Plaintiff's Complaint, upon information and belief:

1.      Admit the allegations in paragraph 2.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 22, 24, 25, 28, 32, 34, 35, 37, 38, 39, 40, 41, 42, 46, 57, 58, 61, 63, 65, 66, 68, 69, 73, 76, 81, 82, 83, 84, and 85.

3.       Deny the allegations in paragraphs 17, 18, 19, 20, 21, 23, 26, 27, 29, 30, 31, 33, 36, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 59, 60, 62, 64, 67, 70, 71, 72, 74, 75, 77, 78, 79, and 80.

FILED: ERIE COUNTY CLERK 01/14/2026 08:05 PM
NYSCEF DOC. NO. 7

INDEX NO. 822562/2025

RECEIVED NYSCEF: 01/14/2026

4.    Deny each and every allegation of the Complaint not hereinbefore specifically admitted, denied or otherwise controverted.

## AS AND FOR A FIRST DEFENSE

5.    Plaintiffs may have failed to mitigate their damages.

## AS AND FOR A SECOND DEFENSE

6.    If the Court finds that any economic losses alleged in the Complaint were or will, with reasonable certainty, be replaced or indemnified, from any collateral source, then any recovery of Plaintiff must be reduced thereby pursuant to CPLR §4545.

## AS AND FOR A THIRD DEFENSE

7.    Plaintiff may be barred from any recovery for injuries resulting from activity in which they assumed the risks associated with the activity in which they were engaged in at the time.

## AS AND FOR A FOURTH DEFENSE

8.    The Complaint is barred, in whole or in part, for failure to comply with a condition precedent to commencement of an action against the Defendants as required by Article Four of the New York State General Municipal Law.

## AS AND FOR A FIFTH DEFENSE

9.    That the damages and/or injuries alleged in the Complaint may have been caused in whole or in part or were contributed to by the culpable conduct, provocation or

2

FILED: ERIE COUNTY CLERK 01/14/2026 08:05 PM
NYSCEF DOC. NO. 7

INDEX NO. 822562/2025
RECEIVED NYSCEF: 01/14/2026

want of care and assumption of risk on the part of Plaintiff or other third parties not in the control of the Defendants.

## AS AND FOR A SIXTH DEFENSE

10.     The Complaint, in whole or in part, fails to state a cause of action.

## AS AND FOR A SEVENTH DEFENSE

11.     If any liability is found against any of the Defendants, said liability will constitute 51% or less of the total liability assigned to all persons liable and shall be limited pursuant to CPLR §1601.

## AS AND FOR AN EIGHTH DEFENSE

12.     The damages alleged in the Complaint are attributable to the culpable conduct of others over whom the Defendants neither had, nor exercised any control.

## AS AND FOR A NINTH DEFENSE

13.     Upon information and belief, no special relationship existed between the Plaintiff and the Defendants which would create a special duty to the Plaintiff.

## AS AND FOR A TENTH DEFENSE

14.     Plaintiff's arrest, if any, was supported by probable cause.

## AS AND FOR AN ELEVENTH DEFENSE

15.     Any force used by the Defendants was reasonable, necessary and justified under the circumstances.

3

FILED: ERIE COUNTY CLERK 01/14/2026 08:05 PM

NYSCEF DOC. NO. 7

INDEX NO. 822562/2025

RECEIVED NYSCEF: 01/14/2026

## AS AND FOR A TWELFTH DEFENSE

16.    In the event of any award against Defendants, whether by judgment or settlement, the Defendants will request an apportionment of fault be made by the Court or jury as to all responsible parties, and the Defendants will further request a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

## AS AND FOR A THIRTEENTH DEFENSE

17.    Upon information and belief, the Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental, or qualified immunity available to municipalities in tort actions in the State of New York.

## AS AND FOR A FORTEENTH DEFENSE

18.    Plaintiff's arrest was supported by "arguable probable cause".

## AS AND FOR A FIFTEENTH DEFENSE

19.    Upon information and belief, Plaintiff's complaint is barred, in whole or in part, by the Plaintiff's failure to obtain personal jurisdiction based upon insufficient and/or improper service of process on one or more of the Defendants.

## AS AND FOR A SIXTEENTH DEFENSE

20.    If Plaintiff reaches a settlement with one or more persons liable or claimed to be liable, the Defendants shall be entitled to a set off as against such settlement pursuant to General Obligations Law §15-108.

4

FILED: ERIE COUNTY CLERK 01/14/2026 08:05 PM

NYSCEF DOC. NO. 7

INDEX NO. 822562/2025

RECEIVED NYSCEF: 01/14/2026

## AS AND FOR A SEVENTEENTH DEFENSE

21.    Upon information and belief, the complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR AN EIGHTEENTH DEFENSE

22.    Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A NINTEENTH DEFENSE

23.    Upon information and belief, the Court lacks jurisdiction over one or more of the alleged Defendants.

## AS AND FOR A TWENTIETH DEFENSE

24.    Upon information and belief, the Plaintiff may lack standing.

**WHEREFORE**, the Defendants demand that the Plaintiffs' Complaint herein be dismissed, and for such other and further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Dated: January 14, 2026
       Buffalo, New York

ROSA ALINA PIZZI, ESQ.
Corporation Counsel

*/s/ Robert E. Quinn*
By:  Robert E. Quinn
1103 City Hall – 65 Niagara Sq.
Buffalo, New York  14202
Tel. (716) 851-4326

FILED: ERIE COUNTY CLERK 01/14/2026 08:05 PM

NYSCEF DOC. NO. 7

INDEX NO. 822562/2025

RECEIVED NYSCEF: 01/14/2026

TO:    LIPSITZ GREEN SCIME CAMBRIA, LLP
        Attn.: Robert M. Corp, Esq.
        42 Delaware Avenue, Suite 120
        Buffalo, New York  14202